**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 08 2013, 5:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN G. BENTLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1303-CR-131 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-0703-FC-9

**October 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Stephen G. Bentle appeals the trial court's imposition of the remainder of his previously suspended sentence following the court's revocation of his probation. Bentle raises a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve seven and one-half years of his previously suspended sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2008, a jury found Bentle guilty of two counts of Class C felony fraud on a financial institution and three counts of Class D felony fraud. The trial court sentenced Bentle to an aggregate term of eleven years, with eight years suspended to probation.

On August 12, 2009, the State filed a notice of probation violation, alleging that Bentle had violated the terms of his probation by committing the additional crime of perjury. On May 11, 2010, the court found that Bentle had violated his probation as alleged, and it sentenced him to serve 120 days of his previously suspended sentence.

On November 17, 2012, a Wisconsin police officer pulled Bentle over while Bentle was driving a semi-tractor trailer erratically. The officer cited Bentle for both operating a vehicle under the influence of alcohol and operating a vehicle while in possession of alcohol. Bentle reported his citation to his Indiana probation officer, Steve Kelly. Bentle admitted to the facts underlying the Wisconsin incident to Kelly.

On December 17, 2012, the State filed another notice of probation violation based on the Wisconsin incident. At the ensuing fact-finding hearing, the State admitted into

the record the Wisconsin police officer's narrative of the incident. According to that narrative, Bentle told the officer that a bottle of vodka was in fact a bottle of water. The trial court revoked Bentle's probation and scheduled the matter for a sentencing hearing.

At the ensuing sentencing hearing, Bentle admitted into the record a letter he had written to Kelly following the Wisconsin incident. In that letter, Bentle falsely stated that he had enrolled in a substance and alcohol abuse program and qualified for Social Security benefits. Following the hearing, the trial court ordered Bentle to serve the remaining seven and one-half years of his previously suspended sentence. In entering its order, the court explained:

> The Defendant continues to [be] present in Court with an attitude of no remorse for his actions and deceptive statements. The Court finds that the evidence presented in past hearings in this matter have included evidence of providing inaccurate and/or deceptive testimony. These have included written statements through federal bankruptcy proceedings, probation proceedings[,] and indigency proceedings. The presentation by the Defendant during sentencing where his testimony is intended to mislead the Court of issues[,] such as history of PTSD when his past testimony provided he had no combat exposure[,] the Defendant's substance abuse history and treatment status[,] provides great concern for his ability to be monitored safely through probation.
> The Court does consider in sentencing that the violation of consuming alcohol occurred while the Defendant was driving a semi-tractor trailer[,] the stop was made after observations of driving that presented a community risk[,] and that Defendant was found with a half[-]empty bottle of vodka next to the driver seat which the Defendant initially stated was water. The Defendant tested positive for alcohol and admitted to probation his use of alcohol . . . .
> The Court finds that Defendant's continued pattern of deception[,] the fact that this is the second probation violation[,] and that at sentencing . . . the Defendant continue[d] to be deceptive and unable to follow Court orders posing a risk to the community are such that probation cannot safely monitor the Defendant . . . .

Appellant's App. at 66-67. This appeal ensued.

3

**DISCUSSION AND DECISION**

Bentle contends on appeal that the trial court abused its discretion when it ordered him to serve seven and one-half years of his previously suspended sentence. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

On appeal, Bentle asserts that he "is a man who made a mistake with alcohol, but was taking responsibility for it." Appellant's Br. at 9. Bentle also asserts that his incarceration will present a hardship on his wife, who struggles with her own medical concerns and relies on him for financial support. As such, Bentle asks that we "reverse the decision of the [trial court] and issue an order directing that one year of Bentle's suspended sentence be revoked." Id. at 10. We decline Bentle's request.

The trial court did not abuse its discretion when it ordered Bentle to serve the remainder of his previously suspended sentence. As the trial court explained, Bentle's history with the justice system shows an extensive history of deception to law enforcement officers and the court. He has been convicted of multiple counts of fraud

4

and had a prior probation revocation on the basis of a perjury charge. And in the present incidents, he lied to a Wisconsin officer, his probation officer, and the trial court.

The trial court instructed Bentle to avoid the consumption of alcohol as a condition of his probation, but Bentle violated that condition when he became intoxicated and then drove a semi-tractor trailer in an erratic manner in Wisconsin. We agree with the trial court's conclusion that probation "cannot safely monitor" Bentle. Appellant's App. at 67. And Bentle's arguments on appeal are merely requests for this court to reweigh the evidence, which we will not do. We affirm the trial court's imposition of the balance of his previously suspended sentence.

Affirmed.

MATHIAS, J., and BROWN, J., concur.